IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                              No. 5:13-CR-50004-004

DAVID FISHER                                                                DEFENDANT

**<u>ORDER</u>**

Currently before the Court are Defendant David Fisher's motion (Doc. 93) to sever defendant, or in the alternative, sever Counts 1 from Counts 2 and 3, and brief in support (Doc. 94). Also before the Court are the Government's response (Doc. 96) and brief in support (Doc. 97). Having reviewed the motion and related filings, the Court finds that both motions to sever should be DENIED.

The superseding indictment ("the indictment") (Doc. 60) in this case charges Fisher and his co-defendants with conspiracy to commit bank fraud (Count 1) and charges two of Fisher's co-defendants with money laundering (Counts 2 and 3). One co-defendant has pleaded guilty to Count 1 of the indictment, and another co-defendant has pleaded guilty to Counts 1 and 2. Fisher filed the instant motion before the two co-defendants entered their pleas of guilty. Brandon Rains, the only remaining co-defendant, is charged in Counts 1 and 3. Some of Fisher's arguments for severance no longer apply.

Fisher's primary argument for severance is that his actions, as alleged in the indictment, are not part of the same act or transaction charged in the conspiracy to commit bank fraud. Count 1 of the indictment alleges that Fisher and his co-defendants conspired to defraud First Federal Bank by making materially false representations. The indictment alleges that Fisher, on behalf of his client

-1-

who was an unindicted co-conspirator, falsely represented to First Federal Bank the purchase price of property to induce First Federal to approve a higher loan amount than the bank would have made had they known the true purchase price of the property. The indictment alleges that Fisher prepared a side agreement for the co-conspirators to distribute excess cash generated from loan proceeds fraudulently obtained from First Federal Bank.

Rule 8(b) of the Federal Rules of Criminal Procedure provides that "[t]he indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fisher is charged with committing several overt acts in the conspiracy to commit bank fraud. It does not matter that Fisher did not own the property in question, or receive any of the proceeds from the alleged fraudulent scheme. The indictment sufficiently alleges actions by Fisher that were part of the conspiracy to commit bank fraud. "Persons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together, even if each defendant did not participate in or was not charged with each offense." *United States v. Gravatt*, 280 F.3d 1189, 1191 (8th Cir. 2002). It is clear to the Court that joinder in this case was proper as the defendants are "alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses," Fed. R. Crim. P. 8(b); *see also Gravatt*, 280 F.3d at 1191 ("Rule 8(b) is construed liberally."). The fact that Fisher did not receive any proceeds from the fraud scheme, or that he was merely representing a co-conspirator who received the fraudulent loan proceeds, does not entitle him to a severance. "Disparity in the weight of the evidence as between the [] parties does not entitle one to severance[,] and [n]either does limited involvement in a conspiracy." *United States v. Pecina*, 956 F.2d 186, 188 (8th Cir. 1992).

Fisher argues in the alternative that the court should sever Count 1 from Counts 2 and 3 because he is not charged in Counts 2 and 3. Count 2 charged co-defendant Jeff Whorton with a money laundering offense, and Count 3 charges Brandon Rains with a separate money laundering offense. Fisher and co-defendant Brandon Barber were not charged in either of these offenses. Fisher argues that he would be prejudiced by association of the money laundering transactions in a trial on the charge of conspiracy to commit bank fraud. The indictment alleges that the money laundering transactions charged in Counts 2 and 3 arise out of the real estate transaction that is charged in Count 1. It is alleged that the proceeds of the scheme to defraud the bank were used in financial transactions which form the basis for the money laundering counts. The time frame of the money laundering transactions is the same as the conspiracy alleged in the indictment. That Fisher had no involvement in the money laundering transactions is not sufficient grounds to sever Count 1 from Counts 2 and 3. "Severance is not required merely because evidence that is admissible only against some defendants may be damaging to others." *United States v. Mickelson*, 378 F.3d 810, 818 (8th Cir. 2004).

In ruling on a motion for severance, the Court "weighs the inconvenience and expense of separate trials against the prejudice resulting from a joint trial of codefendants." *United States v. Brown*, 331 F.3d 591, 595 (8th Cir. 2003) (quotation omitted). "[W]hen defendants have been properly joined under Rule 8(b), a district court should grant a severance only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). In this case, a separate trial as to Fisher would require the Government to duplicate its efforts in trying the conspiracy count against Brandon Rains. Separate trials would also require

duplication of the Court's time and resources in holding two separate trials in which largely the same evidence and testimony (duplicating witnesses' time expended) is presented on one count. Another jury would have to be called. Such a duplication of efforts is unnecessary when weighed against the risk of prejudice asserted by Fisher, especially since two co-defendants have pleaded guilty and will not stand trial with Fisher.

For all the reasons set forth above, the Court finds that Fisher's motion for severance must be denied.

IT IS THEREFORE ORDERED that Fisher's motion to sever (Doc. 93) is DENIED.

IT IS SO ORDERED this 16th day of September, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE