IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                          PLAINTIFF

v.                                        No. 5:13-CR-50004-004

DAVID FISHER                                                                      DEFENDANT

## ORDER

Currently before the Court is Defendant David Fisher's motion (Doc. 107) to use juror

questionnaire and a proposed questionnaire attached as Exhibit 1 to the motion.  No response has

been filed by the government although the motion states that Fisher provided the government with

the proposed questionnaire, and the government objects to use of the proposed questionnaire.

Having reviewed the motion and the proposed questionnaire, the Court finds that the motion should

be DENIED.

The selection of trial jurors is governed by Rule 24(a) of the Federal Rules of Criminal

Procedure.  The rule provides as follows:

> **(a) Examination.**
>     **(1) In General.**   The court may examine prospective jurors or may permit the
>     attorneys for the parties to do so.
>     **(2) Court Examination.**   If the Court examines the jurors, it must permit the
>     attorneys for the parties to:
>         **(A)** ask further questions that the court considers proper; or
>         **(B)** submit further questions that the court may ask if the court considers
>         them proper.

The district court has wide discretion in determining how to conduct *voir dire* in a criminal trial.

*Rosales-Lopez v. United States*, 451 U.S. 182, 189 (1981) ("Because the obligation to impanel an

impartial jury lies in the first instance with the trial judge, and because he must rely largely on his

-1-

immediate perceptions, federal judges have been accorded ample discretion in determining how best to conduct the *voir dire*."); *United States v. Lawrence*, 952 F.2d 1034 (8th Cir. 1992). This discretion extends to a district court's decision whether to submit a jury questionnaire to the jury panel. *See e.g., United States v. Phibbs*, 999 F.2d 1053, 1071 (6th Cir. 1993); *United States v. Hoffman*, 2009 WL 464909 (W.D. AR 2009).

Fisher states that submitting the proposed jury questionnaire will assist the parties, and minimize repetitive and unnecessary questioning. He also states that because of the media attention this case has received, the potential for juror bias is extreme, and the jury questionnaire will assist the court in ferreting out biased jurors. The proposed jury questionnaire is 26 pages long consisting of 143 questions. The questionnaire attempts to elicit information such as political and religious preferences, favorite television shows, hobbies, movies, books and the annual gross income for one's household, as well as other information. The questionnaire is more designed to assist the defendant in exercising his peremptory challenges than in determining whether a proposed juror's bias is grounds to be excused from the panel for cause. *See Phipps*, 999 F.2d at 1071 (holding no abuse of discretion in refusing questionnaire and stating that while information such as what books potential jurors read, what televisions shows they watched, etc. "might have aided defendants in identifying sympathetic jurors, it was not needed to compose a fair-minded jury").

The court believes it can conduct a *voir dire* examination that will ferret out jurors whose bias may be grounds to excuse for cause. In accordance with Rule 24(a)(1), the court will allow the parties to conduct a limited *voir dire* examination, and counsel for defendant can use their discretion—within the bounds of what the Court considers proper—as to the questions they wish to ask the jury panel.

For all the reasons set forth above, IT IS ORDERED that Fisher's motion to use juror questionnaire (Doc. 107) is DENIED.

IT IS SO ORDERED this 23rd day of September, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE